UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                          :
KEVIN CARR,                                               :
                                                          :
                              Plaintiff,                  :
                                                          :         16-CV-5877 (VSB) (JCF)
              -v-                                         :
                                                          :         **OPINION AND ORDER**
COMMISSIONER OF SOCIAL SECURITY,                          :
                                                          :
                              Defendant.                  :
                                                          :
----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/12/2018

Appearances:

Daniel Berger
NY Disability LLC
Bronx, New York
*Counsel for Plaintiff*

Leslie A. Ramirez-Fisher
United States Attorney's Office
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

     Plaintiff Kevin Carr brings this action pursuant to §§ 205(g) and 1631(c)(3) of the Social Security Act (the "SSA"), 42 U.S.C. §§ 405(g), 1383(c)(3), seeking judicial review of a determination by the Commissioner of Social Security (the "Commissioner") that he is not entitled to Supplemental Security Income ("SSI") or disability insurance benefits ("DIB"). Plaintiff and Defendant cross-moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. On May 11, 2017, Magistrate Judge James C. Francis IV issued a detailed and thorough Report and Recommendation ("Report" or "R&R") recommending that Plaintiff's motion for judgment on the pleadings be granted and the Commissioner's cross-motion for judgment on the pleadings be denied. (Doc. 18.) Before me is

Defendant's objection to the R&R. For the reasons discussed below, I adopt the R&R in full.

I. **Factual Background and Procedural History**

I assume the parties' familiarity with the facts and record of prior proceedings, and restate briefly only the information necessary to explain my decision.[1]

Plaintiff was born on September 13, 1958. (R&R 1.)[2] Plaintiff worked as a meat packer from April 2004 until June 2011, and worked as a construction worker for a few months at the end of 2012. (R&R 2.) Plaintiff was fifty-four years old when he filed an application for DIB on April 8, 2013 and an application for SSI on May 2, 2013. (R&R 2.) In his DIB application, Plaintiff claimed that he became unable to work on June 1, 2011, and in his SSI application he claimed a disability onset date of January 1, 2013. (R&R 2.) Plaintiff asserted that the following conditions limited his ability to work: bipolar disorder, anxiety, depression, asthma, high blood pressure, back pain, gastroesophageal reflux disease ("GERD"), and marcoglobulinemia[3]. (R&R 2.) Plaintiff began seeking monthly treatment for lower back pain at La Casa de Salud in June 2012, and continued treatments until at least October 2014. (R&R 3–7.) Plaintiff also received psychiatric treatment from Dr. Carl St.-Preux, among others, at La Casa de Salud, beginning in at least early 2013. (R&R 7–15.)

Plaintiff's applications were denied on September 5, 2013. (R&R 16.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on October 22, 2014, before ALJ Elias Feuer. (R&R 16.) The ALJ issued a decision on April 3,

---

[1] A more detailed description of the underlying facts and procedural history is contained in Magistrate Judge Francis's Report and Recommendation, dated May 11, 2017. (Doc. 18.)

[2] "R&R" refers to Magistrate Judge Francis's Report and Recommendation, dated May 11, 2017. (Doc. 18.)

[3] Macroglobulinemia is a kind of non-Hodgkin lymphoma. "The cancer cells make large amounts of an abnormal protein (called a macroglobulin). . . . This condition used to be called Waldenstrom's macroglobulinemia, so some people refer to it as Waldenstrom's." *See* https://www.cancer.org/cancer/waldenstrom-macroglobulinemia/about/what-is-wm.html (last visited June 13, 2018).

2

2015, finding that Plaintiff was not disabled under the SSA. (R&R 16.) The Appeals Council denied review on June 23, 2016, making the ALJ's determination the final decision of the Commissioner in this case. (R&R 17.)

Plaintiff filed this action on July 22, 2016. (Doc. 1.) I referred the case to Magistrate Judge Francis on January 4, 2017. (Doc. 13.) Magistrate Judge Francis issued his Report and Recommendation on May 11, 2017. (Doc. 18.) On May 23, 2017, Defendant requested a thirty-day extension of time to file an objection to the Report and Recommendation, (Doc. 19), which I granted, (Doc. 20). On June 23, 2017, Defendant timely filed its objection to the Report and Recommendation. (Doc. 21.)

## II. Legal Standards

### A. *Review of the Magistrate Judge's Report*

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party may make objections to a report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)). "If a party timely objects to any portion of a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Bush v. Colvin*, No. 15 Civ. 2062 (LGS) (DF), 2017 WL 1493689, at *4 (S.D.N.Y. Apr. 26, 2017)

3

(quoting *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015)).

A party's objection "must be specific and clearly aimed at particular findings in the R&R." *Bussey v. Rock*, No. 12-CV-8267 (NSR) (JCM), 2016 WL 7189847, at *2 (S.D.N.Y. Dec. 8, 2016) (internal quotation marks omitted). "[T]he court will review the R&R strictly for clear error when a party makes only conclusory or general objections, or simply reiterates the original arguments." *Id.* (internal quotation marks omitted); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (noting that reviewing court "is only obliged to review the Report for clear error" where "objections largely reiterate the arguments made to, and rejected by" the magistrate judge); *Vega v. Artuz*, No. 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke de novo review of the magistrate's recommendations.").

### B. *Review of the Commissioner's Decision*

In reviewing a social security claim, "it is not [the court's] function to determine de novo whether plaintiff is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quoting *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996)); *see also Riordan v. Barnhart*, No. 06 CIV 4773 AKH, 2007 WL 1406649, at *4 (S.D.N.Y. May 8, 2007). Instead, a reviewing court considers merely whether the correct legal standards were applied and whether substantial evidence supports the decision. *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008); *see also* 42 U.S.C. § 405(a) (on judicial review, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess*, 537 F.3d at 127 (quoting *Halloran v. Barnhart*, 362

4

F.3d 28, 31 (2d Cir. 2004)). It is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." *Brault v. Comm'r of Soc. Sec.*, 683 F.3d 443, 448 (2d Cir. 2012) (citing *Dickinson v. Zurko*, 527 U.S. 150, 153 (1999)). "The substantial evidence standard means once an ALJ finds facts, [a reviewing court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Id.* (internal quotation marks omitted).

### III. <u>Discussion</u>

Defendant objects to Magistrate Judge Francis's finding that the ALJ failed to adequately develop the record with regard to Plaintiff's medical records. (Def.'s Obj. 1.)[4] Defendant asserts that the ALJ acted reasonably in seeking the assistance of Plaintiff's counsel in an effort to obtain Plaintiff's missing medical and psychological records at issue and, when counsel failed to obtain or provide the records, reasonably decided the case on the records that could be obtained. (*See generally* Def.'s Obj.) I disagree, and adopt the Report and Recommendation.

#### A. *Applicable Law*

As a general rule, an ALJ has an affirmative duty to develop the factual record. *Rosa v. Callahan*, 168 F.3d 72, 79–80 (2d Cir. 1999). Due to the non-adversarial nature of a Social Security hearing, "[t]he duty of the ALJ, unlike that of a judge at trial, is to 'investigate and develop the facts and develop the arguments both for and against the granting of benefits.'" *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 305 (2d Cir. 2011) (quoting *Butts v. Barnhart*, 388 F.3d 377, 386 (2d Cir. 2004)). Moreover, "it is the well-established rule in our circuit" that such a duty exists "[e]ven when a claimant is represented by counsel." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). While one tool in an ALJ's toolbox might be to seek the assistance of

---

[4] "Def.'s Obj." refers to Defendant's Objections to the Magistrate Judge's Report and Recommendation for Remand, filed on June 23, 2017. (Doc. 21.)

Plaintiff's counsel, an ALJ cannot merely rely on requests of counsel to obtain records to fulfill the duty to investigate and develop the record. *See, e.g.*, *Rosa*, 168 F.3d at 79 ("[Wh]ere there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history 'even when the claimant is represented by counsel.'" (quoting *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996))); *see also Pratts*, 94 F.3d at 37 ("It is the rule in our circuit that the ALJ, unlike a judge in a trial, must herself affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding. This duty . . . exists even when . . . the claimant is represented by counsel or by a paralegal." (internal quotation marks omitted)).

Typically, "if a physician's report is believed to be insufficiently explained, lacking in support, or inconsistent with the physician's other reports, the ALJ must seek clarification and additional information . . . to fill any clear gaps before rejecting the doctor's opinion." *Ureña-Perez v. Astrue*, No. 06 Civ. 2589(JGK)(MHD), 2009 WL 1726217, at *29 (S.D.N.Y. Jan. 6, 2009), *report and recommendation adopted as modified*, 2009 WL 1726212 (S.D.N.Y. June 18, 2009). Where the gaps or inconsistencies concern a treating physician's opinions, and in particular those of a treating psychiatrist, this duty is especially crucial. *See, e.g., Craig v. Comm'r of Soc. Sec.*, No. 15-CV-4057 (JLC), 2016 WL 6885216, at *13 (S.D.N.Y. Nov. 22, 2016) ("The duty to develop the record is particularly important where an applicant alleges he is suffering from a mental illness, due to the difficulty in determining whether these individuals will be able to adapt to the demands or 'stress' of the workplace.") (quoting *Merriman v. Comm'r of Soc. Sec.*, No. 14 Civ. 3510(PGG)(HBP), 2015 WL 5472934, at *19 (S.D.N.Y. Sept. 16, 2015)).

Failure to adequately develop the record is an independent ground for vacating the ALJ's decision and remanding for further findings. *See Rosa*, 168 F.3d at 83. However, even where an

ALJ fails to develop the opinions of a treating physician, remand may not be required "where . . . the record contains sufficient evidence from which an ALJ can assess the petitioner's [disability]." *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (summary order).

B.   *Application*

At the hearing and in his decision, ALJ Feuer commented on the dearth of treatment notes in the record from Dr. St.-Preux, Plaintiff's psychiatrist, and, generally, the "very limited" medical record. (*See* R. 22–25, 38.)[5] Indeed, the ALJ noted that he "neede[ed] [Dr. St.-Preux's] treatment notes so that [he could] weigh whether there's a foundation for [Dr. St.-Preux's] opinions," including "the [September 2014] medical source statement that was submitted from [Dr. St.-Preux]." (R. 38.) The ALJ was similarly aware of the absence of treatment notes from Nurse Practitioner Ocean, and her supervising physician, as well as records of Plaintiff's physical therapy. (*See* R. 37, 87–88, 93–94.) Despite stating that he "neede[ed] [Dr. St.-Preux's] treatment notes so that [he could] weigh whether there's a foundation for [Dr. St.-Preux's] opinions," and without independently making an effort to obtain those notes, ALJ Feuer ultimately gave little weight to Dr. St.-Preux's opinions from February 2013, April 2013, and September 2014 because they were inconsistent with his April and August 2013 findings. (R. 24.) That is, the ALJ noted internal inconsistencies in the April 2013 record, as well as inconsistencies between the August 2013 record and the opinions of February 2013, April 2013, and September 2014. The ALJ also discounted Nurse Practitioner Ocean's September 2014 opinion "because it is unsupported by treatment notes and broadly inconsistent with the overall

---

[5] "R." refers to the Certified Administrative Record of proceedings relating to this case, submitted by the Acting Commissioner on August 31, 2016. (Doc. 10.)

7

medical evidence of record." (R. 25.)

As a result of the gap in record evidence, the ALJ asked Plaintiff's counsel at the hearing to obtain certain missing medical records and treatment notes. (R&R 17; Def.'s Obj. 4.) In January 2015, approximately two and a half months after the hearing, the ALJ wrote to Plaintiff's counsel noting that counsel had not provided any additional records and granting counsel an additional ten days to submit the evidence or request an extension of time to do so. (R&R 17; R. 312.) Plaintiff's counsel never responded and no additional records were received or considered. (*See* R&R 17.) The record does not indicate that the ALJ made any attempts on his own to obtain these records or to otherwise develop the record by some other means, including using his authority to issue subpoenas for the production of medical records or witness testimony, *cf. Devora v. Barnhart*, 205 F. Supp. 2d 164, 172 (S.D.N.Y. 2002) (stating that an ALJ has a "duty to develop the administrative record," and that she is authorized to issue subpoenas to ensure production of medical records and to obtain testimony).

Defendant contends that the ALJ's effort to retrieve the missing medical information through Plaintiff's counsel was a sufficient attempt to fill the gap in the record, particularly in light of the fact that the Commissioner had previously requested, on three separate occasions, medical records from La Casa de Salud, and Plaintiff's counsel had twice reached out to Dr. St.-Preux for the same. (Def.'s Obj. 4.) However, as Magistrate Judge Francis found, courts in this Circuit have held that an ALJ's mere request to plaintiff or his counsel to provide additional medical records does not sufficiently satisfy the ALJ's duty to develop the record when the records are never provided, *see, e.g.*, *Corona v. Berryhill*, No. 15-CV-7117 (MKB), 2017 WL 1133341, at *16 (E.D.N.Y. Mar. 24, 2017) (finding that, where ALJ acknowledged gap in the record, "[t]he ALJ's discussion on the record with Plaintiff's counsel regarding Dr. Chaudhry's

8

treatment notes and her decision to leave the record open for thirty days for the submission of his records were not sufficient to satisfy her duty because the ALJ took no further action to ensure that the record was complete"); *Glast v. Astrue*, No. 11-CV-5814 (SLT), 2013 WL 5532696, at *10 (E.D.N.Y. Sept. 30, 2013) ("That the ALJ requested information from Plaintiff's attorney regarding two treating physicians and received nothing does not relieve the ALJ of his duty to fully develop the record." (internal quotation marks omitted)); *Outley v. Astrue*, No. 5:09-CV-0141(FJS/VEB), 2010 WL 3703065, at *4 (N.D.N.Y. Aug. 26, 2010) (concluding that where counsel did not provide records as requested, ALJ had duty to "obtain the necessary information himself" and failure to do so "necessitates remand").

The cases Defendant relies on in support of its position are unpersuasive because they either involved situations where there was no indication that the ALJ believed the record was incomplete or the ALJ took other steps besides reliance on plaintiff's counsel. In *Desane v. Colvin*, No. 3:15-CV-50 (GTS), 2015 WL 7748877 (N.D.N.Y. Nov. 30, 2015), counsel for Plaintiff (rather than the ALJ) expressed his view at the conclusion of the hearing before the ALJ that the record was incomplete. *Id.* at *5. In order to accommodate counsel, the ALJ agreed to hold the record open in order to allow counsel the opportunity to obtain additional medical records. *Id.* When counsel failed to submit any additional materials, the ALJ warned counsel that if no additional materials were submitted the ALJ would decide the case on the evidence before her. *Id.* Thus, unlike here, the ALJ never expressed her belief that the record was incomplete, but merely acquiesced to counsel's request for additional time to develop the record. In *Martinez-Paulino v. Astrue*, No. 11 Civ. 5485(RPP), 2012 WL 3564140 (S.D.N.Y. Aug. 20, 2012), the ALJ kept the record open for an additional five weeks following the hearing for further development of the record and, unlike here, the ALJ took the affirmative step of ordering

9

a psychiatric consultative examination of the plaintiff since certain treatment records were not accessible. *Id.* at *4. Defendant fails to cite any cases in support of its position with a scenario that is factually aligned with the facts of this case.

Furthermore, as Magistrate Judge Francis noted, the Second Circuit, in two unpublished opinions, indicated under what circumstances it would not be necessary for an ALJ to pursue missing records on his or her own and those circumstances are not present here. *See Frye ex rel. A.O. v. Astrue*, 485 F. App'x 484, 488 n.2 (2d Cir. 2012) (summary order) (holding that the ALJ's decision was based on a fully developed record because the ALJ requested submission of additional relevant evidence, held the record open subsequent to the administrative hearing, contacted counsel when no further evidence was received, granted counsel's request for an extension of time to obtain the evidence, and eventually considered additional evidence submitted by counsel); *Jordan v. Comm'r of Soc. Sec.*, 142 F. App'x 542, 543 (2d Cir. 2005) (summary order) (affirming district court's finding that ALJ fulfilled his duty to develop the record where plaintiff's counsel volunteered to secure the records, the record was left open, the ALJ reminded plaintiff's counsel to submit the records, and plaintiff's counsel indicated that there were no further records to add). In those cases, unlike here, either additional records were actually submitted and considered by the ALJ, or the ALJ was assured that no additional records were forthcoming.

In light of the investigative nature of an ALJ's duty to develop the record, I agree with Magistrate Judge Francis that ALJ Feuer did not satisfy his duty here. The ALJ was aware and commented on the gaps in Plaintiff's medical record and failed to take adequate action to ensure that the record was complete. *See Newsome v. Astrue*, 817 F. Supp. 2d 111, 137–38 (E.D.N.Y. 2011) (finding that request for certain records from the plaintiff's attorney that were never

received did not satisfy ALJ's duty to develop the record); *Curtis v. Astrue*, No. 11-CV-786 (GTS/VEB), 2012 WL 6098258, at *4–5 (N.D.N.Y. Oct. 30, 2012) (finding that ALJ did not satisfy his duty to develop the record by requesting that plaintiff's counsel supplement the record with treatment notes, even where counsel promised at the hearing to obtain the records, because no records were ever submitted).

Accordingly, I find that remand of this case is necessary to assure the proper disposition of Plaintiff's claim.

### IV. Conclusion

I have reviewed the remainder of Magistrate Judge Francis's thorough Report and Recommendation for clear error and find none. Therefore, I adopt the Report in its entirety. Plaintiff's motion for judgment on the pleadings, (Doc. 11), is GRANTED, and the Commissioner's cross-motion for judgment on the pleadings, (Doc. 16), is DENIED and this case is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendation.

The Clerk of Court is respectfully directed to terminate the open motions and close the case.

SO ORDERED.

Dated: July 12, 2018
  New York, New York

Vernon S. Broderick
United States District Judge

11